OPINION
This timely appeal arises from a Judgment Entry of the Jefferson County Court of Common Pleas sentencing Appellant to three consecutive twelve month prison terms subsequent to his plea of guilty to three counts of trafficking in cocaine. Appellant argues that the trial court was not justified in sentencing him to the maximum sentence provided by law. For the following reasons we affirm the decision of the trial court.
In August of 1997, the Ohio Department of Public Safety and the Steubenville Police Department began an undercover investigation of the Safari Lounge in Steubenville, Ohio. Appellant was employed there as a night manager. Agents, posing as regular customers, were able to purchase cocaine from Appellant on three occasions while he was on duty at the Safari Lounge.
On December 9, 1997, Appellant was indicted by the Jefferson County Grand Jury on three counts of trafficking in cocaine in an amount equal to or less than five grams, in violation of R.C. § 2925.03(A). Each count included a specification that the offense occurred within the vicinity of a school, elevating each count to a felony of the fourth degree. The alleged offenses occurred on three separate dates.
On February 20, 1998, Appellant entered into a plea agreement in which the specification to each count was dismissed and in which Appellant pled guilty to three counts of trafficking in cocaine, a felony of the fifth degree. The plea agreement described the maximum potential penalty which could be imposed and did not state any recommendation that would be made by the prosecution at sentencing.
On April 1, 1998, the trial court held the sentencing hearing. Appellant and four witnesses testified in his behalf. On April 3, 1998, the trial court filed its Judgment Entry of Sentencing. The court found that Appellant had previously served a prison sentence for aggravated trafficking in drugs, that he was under a community control sanction when he committed the three offenses to which he had pled guilty, that he had not accepted responsibility for his offenses, that he posed the greatest likelihood of recidivism and that he had committed the worst form of the offense. After making these and other findings, the court sentenced Appellant to the maximum term of twelve months of incarceration for each offense, running each sentence consecutively for a total term of 36 months.
On May 4, 1998, Appellant filed this timely appeal.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE DEFENDANT TO THE MAXIMUM PROVIDED BY LAW IN CONTRAVENTION OF OHIO REVISED CODE SECTIONS 2929.11 AND 2929.13."
Appellant argues that the trial court failed to follow the sentencing guidelines set forth in R.C. § 2929.11, et seq. In 1995, the Ohio General Assembly adopted Am.Sub.S.B. No. 2, a comprehensive act which restructured Ohio's felony sentencing law. The adoption of Am.Sub.S.B. No. 2 altered appellate review of felony sentencing. "Prior to the adoption of Am.Sub.S.B. No. 2, an appellate court did not disturb a trial court's imposition of sentence when it was within the statutory limits absent an abuse of discretion. Additionally, if the record was silent, the sentencing court was presumed to have considered the seriousness factors as well as any aggravating or mitigating circumstances." Statev. Pickford (Feb. 22, 1999), Jefferson App. No. 97-JE-21, unreported (citations omitted).
The rights and procedures for appellate review of sentences that violate R.C. Chapter 2929 are set forth in R.C. § 2953.08. Felony sentences are no longer reviewed under the abuse of discretion standard and we no longer presume that the sentencing court considered the seriousness or recidivism factors set forth in R.C. § 2929.12 when we are presented with a silent record. Id.; R.C. § 2953.08(G)(1); R.C. § 2929.14.
The version of R.C. § 2953.08(A) in effect at the time of Appellant's sentencing recognizes five grounds for a defendant's appeal of right:
 "(1) The sentence consisted of or included the maximum prison term allowed for the offense * * * and the court imposed it under one of the following circumstances:
"(a) The sentence was imposed for only one offense.
 "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense * * * and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 "(3) The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A)(33) of section 2971.03 of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03
of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. * * *".
"(4) The sentence is contrary to law.
 "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."
In the case sub judice, Appellant pled guilty to three counts of trafficking in cocaine in violation of R.C. § 2929.03(A). A violation of this section is a felony of the fifth degree, punishable by up to a maximum of twelve months incarceration. R.C. § 2925.03(C)(4)(a); R.C. § 2929.14(A)(5). Appellant was sentenced to the maximum allowable sentence on each count.
Under R.C. § 2953.08(A)(2), Appellant would have a right to appeal his sentences if the trial court failed to enunciate at sentencing that one or more factors specified in R.C. § 2929.13(B)(1) exists. This section states, in pertinent part, that:
 "* * * in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
"* * *
"(g) The offender previously served a prison term.
 "(h) The offender previously was subject to community control sanction, and the offender committed another offense while under the sanction."
The trial court found that both R.C. §§ 2929.13(B)(1)(g) and (h) applied to Appellant's sentencing. The court found that Appellant had served a prior prison term in Harrison County, Ohio, for aggravated trafficking of drugs. The court also found that he was under a community control sanction based on the Harrison County convictions when he committed the offenses in Jefferson County. Appellant does not dispute these findings. Therefore, because the trial court applied the factors specified in R.C. § 2929.13(B)(1), Appellant has no basis for appeal under § 2953.08(A)(2).
At least one appellate court has held that a defendant appealing a prison sentence for a fourth or fifth degree felony was limited solely to the appeal of right prescribed in R.C. § 2953.08(A)(2). State v.Soifer (Sept. 24, 1999), Hamilton App. No. C-990078, unreported; but cf.State v. Beasley (Sept. 17, 1999), Hamilton App. No. C-9801002, unreported. We join the growing list of appellate courts which have interpreted the grounds for appeal under R.C. § 2953.08(A)(1)-(5) as independent and separate grounds for appeal, and not as mutually exclusive provisions. State v. Jones (Nov. 9, 1999), Franklin App. No. 99AP-92, unreported; State v. Hedrick (Feb. 9, 1999), Summit App. No. 18955, unreported; State v. Pratt (Sept. 22, 1998), Lake App. No. 97-L-208, unreported. Appellant was sentenced to the maximum prison term for each of the three individual offenses for which he pled guilty. This provides the basis for an appeal as of right under R.C. §2953.08(A)(1). Appellant also contends that his sentence is contrary to law, which is the basis for appeal under R.C. § 2953.08(A)(5). Therefore, we find that Appellant has a valid basis on which to bring this appeal.
Once a defendant establishes a ground for appeal under R.C. §2953.08(A), the scope of appellate review is then governed by R.C. §2953.08(G). The provisions relevant to this appeal state:
 "(G)(1) The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *
"(d) That the sentence is otherwise contrary to law."
R.C. § 2929.11 sets forth the overriding purposes of felony sentencing. This statute provides in pertinent part:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
"* * *
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenders."
When a trial court imposes the maximum prison sentence allowable by law on a felony offender, R.C. § 2929.14(C) provides:
 "* * *[T]he court imposing a sentence for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 When imposing consecutive sentences, R.C. § 2929.14()E)(4) provides:
 "If multiple prison terms are imposed on an offender for convictions, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender."
Using the aforementioned statutory guidelines, we must determine whether the record supports that the sentences achieve the purposes of felony sentencing, are consistent with the requirements for imposing maximum prison terms, or are otherwise contrary to law.
Under R.C. § 2929.19(B)(2), if a trial court imposes the maximum prison term or consecutive terms, it must, "make a finding that gives its reason," for the imposition of the maximum or consecutive terms.
The trial court made a finding that Appellant committed the worst form of the offense and posed the greatest likelihood of recidivism. The trial court also found that the shortest prison term would demean the seriousness of the offense, would not adequately protect the public and that Appellant was under a community control sanction when he committed the offenses, all of which are factors under R.C. § 2929.14(E)(4) which support a trial court's imposition of consecutive sentences.
The phrase "worst form of the offense" is not defined by statute and it is left primarily to the trial court's discretion to determine its meaning. See State v. Mushrush (June 18, 1999), Hamilton App. No. C-980658, unreported.
R.C. § 2929.12(B) sets forth a non-exclusive list of factors for a trial court to consider in determining whether an, "offender's conduct is more serious than conduct normally constituting the offense." These factors include:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
The trial court found that R.C. § 2929.12(B)(4) applied to Appellant's conduct because, as a night manager at the Safari Lounge, he had a duty to prevent criminal activity from occurring in order to protect the economic interests of the owner. The trial court also considered factors not listed in R.C. § 2929.12(B), such as the fact that Appellant would not reveal the sources of his supply of cocaine, that Appellant was employed at the time of the offenses but claimed that a lack of employment motivated him to sell drugs, that Appellant claimed he was selling drugs as a kind of community service so that his buyers would not go to more dangerous places to purchase their drugs and that Appellant showed no remorse for his actions.
The trial court recited Appellant's prior convictions, particularly those for aggravated trafficking in drugs, as a determining factor at sentencing. The trial court was also concerned about the severe economic harm caused to Appellant's employer, whose business was shut down after Appellant's arrest.
The trial court's findings at the sentencing hearing and in its subsequent Journal Entry amply provided justifiable reasons for imposing maximum consecutive sentences on Appellant, satisfying the purposes of felony sentencing and the guidelines in R.C. § 2929.14(C), (E)(4) and R.C. § 2929.12. We cannot find clear and convincing evidence that the sentence is contrary to law or that the record fails to support the sentence. R.C. § 2953.08(G). Therefore, Appellant's assignment of error is found to be without merit.
 ___________________ WAITE, J.
Cox, P.J., concurs.
Donofrio, J., concurs.